**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                              CASE NO:  8:01-cr-456-T-30EAJ

EUGENE K. TAYLOR
_____/

## ORDER

The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007.  The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007.  The Defendant in this case, having been sentenced prior to November 1, 2007, filed a motion *pro se* seeking a reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 706 and 709 [Dkt. 41].

Defendant pled guilty to a one count indictment alleging possession with the intent to distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). The Court determined, after ruling on two objections, that the defendant was responsible for the distribution of 17.6 grams of cocaine base and 1 kilogram of cocaine which provided for a base offense level of 28.  However, the defendant was found to be a career offender and his offense level became a 34.  A three level decrease for acceptance of responsibility was applied.  Based on the total offense level of 31 and criminal

history category of VI, the guideline imprisonment range was 188 to 235 months. The government filed a motion for a two-level downward departure, pursuant to USSG § 5K1.1. The Court granted the departure, reducing the total offense level by two levels, and sentenced the defendant to a term of imprisonment of one hundred and fifty-one (151) months, the bottom of the guideline range after departing the two levels.

At the time of sentencing, the defendant was found to be a Career Offender. Because the defendant's guideline calculations are dictated by the career offender provisions, Amendment 706 would not have the effect of reducing the defendant's guideline calculations. Therefore, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c).

IT IS therefore ORDERED and ADJUDGED that the Defendant's motion for a reduction of sentence [Dkt. 41] is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant:   Eugene Taylor, #40094-018
             FCI Yazoo City Low
             P.O. Box 5000-40094018
             Yazoo City, MS 39194
U.S. Probation
Bureau of Prisons